IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATIONAL STABILIZATION
AGREEMENT OF THE SHEET
METAL INDUSTRY TRUST
FUND et al.,

           Plaintiffs,
vs.                                               MISC. NO.  06-30 WJ/LFG

CARRASCO'S PLUMBING,
HEATING & COOLING et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL DOCUMENTS

THIS MATTER is before the Court on a Motion to Compel Documents [Doc. 1]. The motion does not identify the origin of the parties' dispute and simply states that a set of interrogatories and requests for production were mailed to Carrasco Plumbing Heating & Cooling in late April 2006, and were not answered. Plaintiff asserts that the information is relevant to the collection of a judgment, but does not indicate when, where or how a judgment was obtained.

### No Showing of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Mires v. United States, 466 F.3d 1208, 1211 (10th Cir. 2006). Thus, before a court can act on any matter, it must satisfy itself that the matter is properly before it. In this case, the motion fails to convey important information and fails to alert the Court as to any reason why its jurisdiction is invoked.

United States District Courts have original federal question jurisdiction pursuant to 28 U.S.C. § 1331, and may entertain civil actions arising under the United States Constitution, federal laws, or

United States treaties. Federal district courts also may have original jurisdiction where requirements of diversity jurisdiction are met. However, nothing in the motion before the Court gives any indication if the matter in question arises under 28 U.S.C. § 1331 or if there is diversity jurisdiction under 28 U.S.C. § 1332.

The Court is left to guess why the case was filed in this forum. Is this motion to compel part of some other pending or prior case in this federal district or in state court? If so, it should have been filed under the appropriate docket number of that case.

### **Execution of a Judgment**

If Plaintiff is seeking discovery to assist in execution of a judgment pursuant to Fed. R. Civ. P. 69, Plaintiff was required to proceed in accord with New Mexico State law:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought   .
> . . .

Fed. R. Civ. P. 69. Based on the information before it, the Court is unable to determine if the movant proceeded in accordance with state law.

If a judgment was obtained, the motion does not identify the court or judicial district in which it was obtained. This information is important because the federal rule requires application of the appropriate state law. For example, if the judgment was issued in this federal district, New Mexico's law on supplementary proceedings would apply. *See* Rule 1-069 NMRA. That rule, in turn, provides that a judgment creditor or successor in interest may obtain a subpoena from the clerk directing the person served to appear in the district court to respond to questions. Alternatively, the rule provides that in lieu of an in-court examination, the judgment creditor or successor in interest may obtain discovery as provided in the rules.

However, in Howell v. Montoya, 74 N.M. 743, 746, 398 P.2d 263 (1965), the court determined that supplementary proceedings in which a judgment debtor is to be questioned concerning his ability to satisfy a judgment is not a new or independent action, but a continuation of the original case for the purpose of discovery in aid of judgment. Thus, this motion should likely have been brought in the case wherein Plaintiff secured a judgment, but the movant failed to provide that necessary information to the Court.

For the above reasons, Plaintiff's Motion to Compel Documents [Doc. 1] is DENIED.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge